## Chicago, Burlington & Quincy Railroad Company v. Sarah C. Sample, Administratrix.

1. RAILROADS—*statute requiring construction and maintenance of crossings and approaches construed.* The words of the statute in question, "crossing and approaches thereto," include the surface occupied by such portion of the railroad track as is within the boundaries of the street, together with such additional surface as is occupied by embankments, bridges, grades or structures of any sort on each side of the railroad track which serve as the passage or way for approaching the crossing.

2. CROSSINGS—*how may be used by pedestrian.* When once within the boundaries of a railroad crossing a person has the right to travel thereon in any direction, lengthwise, crosswise or otherwise, and without regard to the place or direction from or in which he may have approached and entered upon such street, or whether or not he was a trespasser immediately prior to going upon the street.

3. CROSSING—*when use of, not contributory negligence as a matter of law.* It is not contributory negligence as a matter of law for one familiar with the conditions and dangers of a railroad crossing to undertake to use the same. The question of contributory negligence in such case is one for the jury.

4. VERDICT—*when not disturbed as against the evidence.* A verdict will not be set aside on review on the ground that it is against the weight of the evidence, unless clearly and manifestly so.

5. VERDICT—*when not excessive.* A verdict, reduced by *remittitur* to $3,500, in an action for death caused by wrongful act, is not excessive where it appears that the plaintiff's intestate was at the time of his death sixty-five years of age, earned as a teamster from $3.50 to $4 per day, and left him surviving a widow.

Action in case for death caused by alleged wrongful act. Appeal from the City Court of Litchfield; the Hon. PAUL McWILLIAMS, Judge, presiding. Heard in this court at the May term, 1907. Affirmed. Opinion filed December 7, 1907.

Creighton & Gasaway, for appellant; Chester M Dawes, of counsel.

Harry Stuttle, L. V. Hill and Amos Oller, for appellee.

Mr. Justice Puterbaugh delivered the opinion of the court.

This is an action in case by appellee, as administratrix of the estate of her deceased husband, Henry L. Sample, against appellant, for the recovery of damages for wrongfully and negligently causing the death of the said Henry L. Sample. A trial by jury resulted in a verdict in favor of the plaintiff for $5,000, of which she remitted $1,500, and judgment was thereupon rendered against the defendant for $3,500.

At the close of the plaintiff's evidence, and again at the close of all the evidence, motions to instruct a verdict for the defendant were interposed and overruled.

The first three counts of the declaration aver, in substance, that the defendant had theretofore constructed a certain switch track across Cummings street in the city of Litchfield, leading into the yards of the glass works of Finley & Schonfeld; that it was the duty of the defendant to construct said crossing so that it would at all times be safe to persons and property, to restore said street to such state as not unnecessarily to impair its usefulness, and to keep said crossing in good and sufficient repair; that the defendant negligently permitted said crossing to remain in bad repair, and permitted large holes to remain on either side at the point where said tracks intersected with said Cummings street within the right of way of the defendant; that while the deceased was in the act of driving over and across said crossing, and in the exercise of due care, one of the wheels of his wagon ran into said hole, whereby he was thrown from the wagon and received injuries from which he afterward died. The fourth count sets out and charges the violation of

section 8 of the statute relating to the fencing and operation of railroads, which reads as follows: "Hereafter at all of the railroad crossings of highways and streets in this state, the several railroad corporations in this state shall construct and maintain said crossings and approaches thereto within their respective rights of way so that at all times they shall be safe as to persons and property." Rev. Stat. 1905, 1578. In other respects the count is substantially similar to the other counts. The defendant pleaded the general issue.

While a number of facts involved are controverted, there is evidence tending to show the following: The defendant had, prior to the accident in question, constructed a switch track running north and south across Cummings street and into the yards of the glass works a short distance south of the street. On the day of the accident the deceased, a teamster, aged sixty-five years, had loaded his wagon with cinders in the yards of the glass works, and standing on his wagon thus loaded, drove northeasterly on the switch track to Cummings street until he reached the crossing at the traveled part of the street, when he attempted to turn the team east on the crossing. While so doing, the wheels of the wagon dropped into a "chug" hole or depression at least three feet long, eighteen inches deep and two feet wide, on the east side of the east rail at the south end of the crossing. The jolt of the wagon caused the deceased to lose his balance and to fall from the wagon, whereby he sustained injuries from which he afterward died. The horses and front wheels had at the time reached the crossing and the rear wheels were a few feet south thereof. The evidence further tends to show that the direction of the traveled part of the street at the crossing was east and west; that the crossing was composed of plank and cinders and was sixteen feet wide; that there was no traveled part of the street north and south, nor any traveled road leading to and from the glass works in

the direction taken by Sample, but that the usual route traveled in hauling from the glass works was to go northwest a short distance and thence to Cummings street, thus avoiding the switch track; and that on the east side of the switch track the ground sloped to the east; that Sample lived near the crossing, had frequently used the same and was familiar with its condition and surroundings. The evidence further shows that appellant had been several times notified by the street commissioners of the city to repair the street at the place in question.

If the jury believed the testimony of the plaintiff's witnesses, they were warranted in finding that the defendant had failed to comply with the statute as charged in the declaration, and that the plaintiff was injured by reason thereof. We cannot say that such conclusion was manifestly against the evidence and are therefore not at liberty to interfere therewith. We regard the fact that the plaintiff, prior to the accident, was not traveling in a direction parallel with the street, immaterial as affecting the question of the defendant's negligence in failing to keep in repair the crossing and approaches thereto. The words of the statute, "crossing and approaches thereto," include the surface occupied by such portion of the railroad track as is within the boundaries of the street, together with such additional surface as is occupied by embankments, bridges, grades or structures of any sort on each side of the railroad track, which serve as the passage or way for approaching the crossing. City v. I. C. R. R. Co., 154 Ill. 539.

When once within such boundaries, a person has the right to travel thereon in any direction, lengthwise, crosswise or in any other way and without regard to the place or direction from or in which he may have approached and entered upon such street, or whether or not he was a trespasser immediately prior to going upon the street. McGuire v. R. R. Co., 120 Ill. App. 112. In this view of the law, there was no variance

between the allegations of the declaration and the proofs, as contended by appellant.

It is complained that on the trial the court permitted the plaintiff, over objection, to prove by a number of witnesses that the crossing was repaired after the accident. Prior to the introduction of the evidence complained of, upon the cross-examination of George McPhail, counsel for appellant exhibited to the jury and offered in evidence a photograph taken some time after the accident, with the statement that they would prove later that such photograph represented the true condition and surroundings of the crossing on the day of the accident. The evidence complained of, while incompetent for the purpose of showing that the crossing had been repaired (Howe v. Medaris, 183 Ill. 288), was therefore competent as tending to show that the photograph did not in fact correctly show the situation at the time in question.

It is urged that because the deceased lived in the vicinity of the crossing and had previously traveled over the same, he must have been familiar with its condition and the attendant dangers, and that by attempting to cross over the same with such knowledge he was guilty of contributory negligence as a matter of law. While such knowledge was proper to be considered by the jury in determining the question, it was not, of itself, sufficient to establish contributory negligence. Notwithstanding its defective and dangerous condition, the deceased still had the right to use the crossing, and if in doing so he used the requisite degree of care, was he entitled to recover for any injuries sustained by reason of such defect. Whether he did exercise due care, was a question for the jury under proper instructions of the court. We are unable to say that their finding upon that question was so manifestly contrary to the evidence as to require a reversal of the judgment.

It is claimed that the judgment is excessive. The proof shows that although the deceased was sixty-five

years of age, his earnings as a teamster were from $3.50 to $4 per day. While the damages awarded by the verdict were undoubtedly excessive when the age of the deceased is considered, there is nothing in the record indicating that the jury were influenced by passion or prejudice. The amount of the judgment after *remittitur* cannot be said to be clearly excessive. The record is free from prejudicial error and the judgment warranted by the law and the evidence.

*Affirmed.*